**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **PENOVIA LLC,** | |
| **Plaintiff,** | **Case No. 2:13-cv-778** |
| **v.** | **PATENT CASE** |
| **SMC NETWORKS, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**DEFENDANT SMC NETWORKS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF PENOVIA LLC'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant SMC Networks, Inc. ("SMC") respectfully files this Answer and Affirmative

Defenses to Plaintiff Penovia LLC's ("Penovia") Complaint for Patent Infringement

("Complaint"):

**Parties and Jurisdiction**

1.       SMC admits that the Complaint purports to state an action for patent infringement

and that Penovia is seeking recovery of damages.

2.       SMC admits that the Complaint purports to state that this Court has subject matter

jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

3.       SMC lacks knowledge or information sufficient to form a belief about the truth of

the allegations in Paragraph 3 of the Complaint, and therefore denies them.

4.       SMC admits that it is a Delaware corporation with its principle office located at

20 Mason, Irvine, CA 92618 and that it is subject to personal jurisdiction in this judicial district,

but denies the remaining allegations in Paragraph 4 of the Complaint.

5.       SMC denies the allegations contained in paragraph 5.

**Venue**

6.      SMC admits that venue is proper in this district under 28 U.S.C. §§ 1391(c) and

1400(b).

**Count I**
**(Alleged Infringement of U.S. Patent No. 5,822,221)**

7.      SMC incorporates by reference its responses to Paragraphs 1-6 above.

8.      SMC admits that the Complaint purports to state an action for patent infringement

arising under the Patent Laws of the United States, 35 U.S.C. §§271 *et seq*.

9.      SMC lacks knowledge or information sufficient to form a belief about the truth of

the allegations in Paragraph 9 of the Complaint, and therefore denies them.

10.     SMC admits that Exhibit A of the Complaint purports to be a copy of United

States Patent No. 5,822,221 ("the '221 patent") and it purports to be titled "Office Machine

Monitoring Device."

11.     SMC lacks knowledge or information sufficient to form a belief about the truth of

the allegations in Paragraph 11 of the Complaint, and therefore denies them.

12.     SMC admits that Complaint states that '221 Patent expired on or about October

13, 2010, because its owner at the time, the inventor Frank S. Groenteman, was not able to pay

the maintenance fee on the '221 Patent that was required by the United States Patent and

Trademark Office.

13.     SMC denies the allegations contained in paragraph 13.

14.     SMC lacks knowledge or information sufficient to form a belief about the truth of

the allegations in Paragraph 14 of the Complaint, and therefore denies them.

15.     SMC denies the allegations contained in paragraph 15.

**Demand for Jury Trial**

SMC admits that the Complaint includes a demand for a trial by jury.

## Response to Prayer for Relief

SMC denies the allegations in the Prayer for Relief of the Complaint and that Penovia is entitled to any relief against SMC.

## AFFIRMATIVE DEFENSES

SMC asserts the following defenses, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the defenses described below, SMC specifically reserves the right to allege additional affirmative defenses that become known through the course of discovery.

## First Affirmative Defense (Invalidity)

1.      The asserted claims of the '221 patents are invalid for failure to satisfy the requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

## Second Affirmative Defense (Noninfringement)

2.      SMC is not infringing, and has not infringed, either literally or under the doctrine of  equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '221 Patent.

## Third Affirmative Defense (Waiver, Estoppel, & Laches)

3.      Penovia's claims for relief, in whole or in part, are barred by the doctrines of waiver, estoppel, and/or laches.

## Fourth Affirmative Defense (28 U.S.C. § 1498)

4.      Penovia's claims for relief, in whole or in part, are barred by 28 U.S.C. § 1498.

**Fifth Affirmative Defense (35 U.S.C. § 287)**

5.      Penovia's claims for relief are limited by 35 U.S.C. § 287.

**Sixth Affirmative Defense (35 U.S.C. § 288)**

6.      Penovia's recovery of costs is limited by 35 U.S.C. § 288.

**Demand for Jury Trial**

SMC requests a trial by jury of all issues in this action.

**PRAYER FOR RELIEF**

SMC prays for judgment as follows:

A.      That this Court dismiss Penovia's claims against SMC and order that Penovia

take nothing from SMC;

B.      That this Court enter judgment and declare that SMC does not infringe the '221

patent and that the '221 patent is invalid;

C.      That this Court award SMC all of its costs of this action;

D.      That this Court find that this is an exceptional case and award SMC its attorneys'

fees pursuant to 35 U.S.C. § 285; and

E.      That this Court grant SMC such other and further relief as the Court shall deem

just and proper.  Admitted

DATED:       November 26, 2013            Respectfully submitted,

By: */s/ Eric W. Benisek*

Richard C. Vasquez, Cal. Sate Bar #127228
*(admitted in E.D. Texas)*
Jeffrey T. Lindgren, Cal. Sate Bar #176400
*(admitted in E.D. Texas)*
Eric W. Benisek, Cal. Sate Bar #209520
*(admitted in E.D. Texas)*
VASQUEZ BENISEK & LINDGREN LLP
3685 Mt. Diablo Blvd., Suite 300
Lafayette, CA  94549
Telephone: (925) 627-4250

Facsimile: (925) 403-0900
rvasquez@vbllaw.com
jlindgren@vbllaw.com
ebenisek@vbllaw.com